IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                  No. 15-10001-11

MARLOS MANN,
    Defendant.

_____

ORDER DENYING ENTRY OF DEFENDANT'S PRO SE PLEADING
_____

On October 13, 2016, Defendant, Marlos Mann, acting *pro se*, mailed the Court a document entitled "Position of Defendant Regarding Presentencing Report and Sentences [sic] Factors and Errors." However, the docket reflects that Defendant is represented by counsel.

Title 28 U.S.C. § 1654 permits parties in the federal courts to "plead and conduct their own cases personally or by counsel[.]" The Sixth Circuit has "interpreted this provision as allowing a litigant to represent himself pro se or to obtain representation—but not both." *United States v. Rohner*, 634 F. App'x 495, 505 (6th Cir. 2015). That is, "[t]he right to defend *pro se* and the right to counsel have been aptly described as two faces of the same coin, in that waiver of one constitutes a correlative assertion of the other." *Miller v. United States*, 561 F. App'x 485, 488 (6th Cir. 2014) (quoting *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987)). Nor do criminal defendants have a constitutional right to so-called "hybrid representation." *United States v. Anderson*, 616 F. App'x 770, 776 (6th Cir. 2015), *cert. denied sub nom. Thompson v. United States*, 135 S. Ct. 2877 (2015). Thus, courts generally will not consider a defendant's *pro se* pleading when he is represented by counsel. *United States v. Modena*, 430 F. App'x 444, 448 (6th Cir. 2011).

By invoking his right to be represented by counsel, Mann has waived his right to represent himself. Consequently, the *pro se* document, which appears to have been prepared and sent to the Court without the aid of or adoption by his attorney,[1] will not be entered into the record or further considered by the Court.

IT IS SO ORDERED this 26th day of October 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Although the document purports to be submitted "by and [through] Counsel Jennifer Free," there is no evidence in the record that Attorney Free authorized Mann to submit this document to the Court or to attach her name to the pleading.